This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellee,

v. 　　　　　　　　　　　　　　　　　　　　　　**No. 34,176**

**DIANA CASS,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendant appeals her conviction in metropolitan court for driving while under the influence of intoxicating liquor or drugs ("DWI"), under the impaired-to-the-slightest-degree prong of the applicable statute. The district court affirmed her conviction in a well-reasoned opinion, and we issued a notice of proposed disposition proposing to adopt the district court's reasoning as our own and to affirm Defendant's conviction. Defendant has filed a memorandum in opposition to our proposed affirmance. Having considered that memorandum, we continue to believe the district court's analysis was correct, as we discuss below.

{2}     In our notice we instructed Defendant to specifically direct this Court's attention to any errors in fact or law contained in the district court's opinion. Defendant's memorandum in opposition is twenty-four pages long, and fewer than three of those pages are responsive to our notice. The initial twenty pages, plus part of the twenty-first page, are simply a verbatim restatement of the first portion of Defendant's docketing statement. This repetition of material that has already been presented to the Court, with no indication as to which parts, if any, of the material are responsive to the notice of proposed disposition, is not useful and creates unnecessary work for both this Court and the parties. We request that counsel refrain from this practice in any future pleadings she may file with this Court.

{3} Defendant's memorandum does not challenge our proposed affirmance on the first issue raised in the docketing statement, whether probable cause existed for Defendant's arrest. **[MIO 21-22]** We therefore affirm on that issue for the reasons stated in the district court's opinion, as adopted in our notice.

{4} Defendant does continue to argue that there was insufficient evidence to support her conviction; however, she does not challenge the recitation of the evidence presented in the district court's opinion, and we therefore continue to rely on that recitation. Defendant contends that an alternative explanation exists for her deficient performance on the field sobriety tests – her learning disability. **[MIO 22]** She points out that an individual may exhibit signs of intoxication for reasons that are completely unrelated to consumption of alcohol, and maintains that "if the trial court had weighed [Defendant's] testimony about her learning disability against the officer's testimony, the court might have come to the reasonable conclusion that she would have difficulty performing these tests at any time" and that her performance on the field tests on the date of her arrest was not due to consumption of alcohol. **[MIO 22-23]**

{5} We agree with Defendant's proposition that an inadequate performance on field sobriety tests can be due to a number of factors that are not connected to impairment caused by consumption of alcohol. However, such performance can also be a result of impairment due to alcohol consumption, and therefore can give rise to a reasonable

3

inference that a defendant has consumed alcohol and has driven while impaired by that consumption. Therefore, it was appropriate evidence for the trial court to consider in assessing Defendant's guilt or innocence. *See, e.g., State v. Neal*, 2008-NMCA-008, ¶ 27, 143 N.M. 341, 176 P.3d 330 (recognizing performance on field sobriety tests as one of several factors that can be considered in determining whether the defendant was under the influence of alcohol). In this case Defendant presented evidence about her learning disability and its relation to her performance on the field sobriety tests, but the trial court rejected that evidence. **[RP 92-93]** It was the trial court's prerogative to do so, and on appeal we may not disturb the trial court's weighing of the evidence. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (recognizing that the fact-finder is free to reject the defendant's version of the facts); *State v. Sutphin*, 1988-NMSC-031, ¶¶ 21, 23, 107 N.M. 126, 753 P.2d 1314 (providing that an appellate court does not re-weigh the evidence, nor substitute its judgment for that of the fact-finder).

{6} In addition to the evidence of Defendant's several failures to follow instructions and adequately perform the field sobriety tests, the officer testified that when he encountered Defendant at the checkpoint Defendant had bloodshot and watery eyes, that he smelled the odor of alcohol on her person, and that she admitted to drinking two "Crown and Cokes" earlier in the evening. **[RP 90-91]** Viewed in the aggregate,

this evidence was sufficient to support Defendant's conviction for DWI. *See, e.g., State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, smelled of alcohol, and had slurred speech); *State v. Notah–Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated).

{7}     Based on the foregoing, we affirm Defendant's conviction.

{8}     **IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**CYNTHIA A. FRY, Judge**


_____

**LINDA M. VANZI, Judge**